John J. McHale  
vs. } Eq. No. 12737.  
Theodore Rosenblatt

October 31, 1934.

TANNER, J. This is a bill in equity brought by the mortgagee of a moving picture house to restrain the replevin of the furnishings and equipment of said movie house. The respondent is by assignments the lessee of said moving picture house.

The original mortgagor and lessor leased the premises to an amusement company under a lease which provided that the lessor should retain the improvements and furnishings with the exception of equipment at the expiration of the lease.

Said amusement company removed the old furnishings and equipment and installed expensive furnishings and equipment. The mortgage was foreclosed and bought in by the mortgagee who is the complainant in this case. This presents the question of whether or not a prior mortgage covers furnishings and equipment subsequently installed.

Massachusetts, Maine, New York, and other states have held that such prior mortgage does cover subsequent additions of this kind. The decisions of other states, greater in number, including New Jersey and circuit courts of the United States, hold that such prior mortgagee is only entitled to reserve his security as it was when he took the mortgage.

19 C. J. p. 1051, Sec. 4.

We think there is, perhaps, greater equity in this view but the present case presents this situation: These furnishings and equipment in question were not an original installation but were replacements of furnishings and equipment already installed and covered by the mortgage. The original equipment and furnishings were removed by the lessee so that if the respondent were allowed to remove the replacement installations, the mortgagee would be deprived of some of the original security of his mortgage. If these furnishings and equipment were taken out it would leave the place stripped and useless for the purposes for which the house was designed unless new equipment and furnishings were installed. This, we think, would not be fair to the mortgagee. We feel if the lessee saw fit to remove the original furnishings and equipment that what he put in place of them should be covered by the prior mortgage. We think, therefore, that the respondent should be enjoined from replevying these articles.

The respondent raises the question that the complainant named in the bill has conveyed the property covered by foreclosure to a corporation named in the bill. The complainant, however, was entitled to bring the bill at the commencement of the suit. He would still be entitled to maintain the suit if he guaranteed the title of the corporation to whom he sold the premises. We are not sure that this appears in the bill but we think it is proper to say that the corporation which now holds the title should be made a party to the bill and save the expense and delay of bringing a new bill. We do not see how this could prejudice the respondent since he has had full opportunity to try the merits of this defense.

For complainant: Raymond J. McMahon.

For respondent: Morris Berick.